## CITY HELD LIABLE FOR MEDICAL SERVICES.

Circuit Court of Summit County.

THE VILLAGE OF BARBERTON v. FREDERICK LOHMERS.

Decided, 1907.

*Municipal Corporation—Liability for Medical Services Rendered Quarantined Small-Pox Patient.*

Under favor of Section 1536-741, Revised Statutes, a physician who renders medical service to a quarantined small-pox patient, who is unable to pay therefor, is entitled to recover compensation from the municipal corporation which was promptly apprised of the situation, but took no action with reference thereto.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This was an action to recover compensation for medical services to quarantined small-pox patients alleged to be unable to pay therefor themselves, within the meaning of Section 2128, Revised Statutes, now Section 1536-741. Plaintiff in error's board of health was promptly apprised of the situation but failed to take any action. The main question here presented is whether a cause of action arises under these circumstances against a municipal corporation by virtue of the provisions of this statute. Does the statute, of its own force, impose a legal obligation underlying the prescribed duties of boards of health in such cases, or is the affirmative action of the board of health a condition precedent to the bringing of an action of this kind? Such appears to be the test applied in construing a somewhat similar statute in *Trustees, etc.,* v. *Ogden,* 6 Ohio, 23, in which it was held that:

"Overseers of the poor of the proper township are bound to support a casual pauper, if found within the limits of the township, and requiring support."

And that:

"Where, after notice the overseers of the poor refuse to provide for a pauper, an individual furnishing a necessary supply, may recover the amount in an action against the township."

In that case the underlying legal obligation of the township rested on a meager footing of express statutory provision. reinforced, however, by the inherent urgency of the cases provided for. We can not distinguish the view there taken from the one arising here, and we therefore hold that this action is maintainable. See also *Seagraves* v. *City of Alton,* 13 Ill., 366, and cases cited.

It is said, however, that the trial court erred in charging the jury that the words "able to pay" found in the statute are to be construed in the light of the exemption laws of this state. But an examination of the evidence on this subject discloses that the jury must inevitably have found each of the patients unable to pay the physician's fees, and we need not, therefore, determine whether the court's charge was too liberal on that point.

We find no error in the record and the judgment is affirmed.